1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

**UNITES STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

JESSICA BENTON, SHELBY
BRYANT, ANNE MARIE
CAVANAUGH, ALYSSA GARRISON,
AND CLARE THOMAS,
          Plaintiff,
   v.

CITY OF SEATTLE,
          Defendant.

No. 2:20-CV-01174- RAJ

REPLY TO DEFENDANT'S
RESPONSE TO PLAINTIFF'S
MOTION FOR TEMPORARY
RESTRAINING ORDER

I.   *The Use of Force at Issue Followed a Federal Injunction Halting Chief Best's Directive to Cease Use of CCW and a Reiteration of the TRO as Status Quo, Rendering it Distinct from Force Meted Out Before Judicial Restraint and Underscoring Need for an Order of Cessation of Use by this Court*

SPD's repeated use of projectiles, chemical irritants, and blast balls against protesters has turned streets - public forums – into a warzone and functioned as a de facto protest tax where only individuals who can afford to be outfitted safely to withstand munitions are able to exercise 1st Amendment and speak out against police brutality.

REPLY TO DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER | 1

SMITH LAW, LLC
4301 NE 4th St. PO Box 2767
Renton, WA 98059
Phone: (206) 715-4248
Fax: (250) 900-2664

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

Contrary to the City's assertion that SPD is abiding by this Court's orders, the actions of Seattle Police Department officers on July 25, 2020, belies any claim of good faith engagement with the community, and instead demonstrates that immediately subsequent to Judge Robart's order enjoining implementation of Chief Best's directive to implement the city ordinance regulating use of crowd control weapons,  SPD became emboldened and amplified its use of crowd control weapons. The stipulated preliminary injunction has failed to protect the public and protesters' exercise of political speech where SPD cannot – or will not – stop indiscriminately and overusing CS gas, blast balls, and projectile guns. Accordingly, this Court should grant the relief sought by Plaintiffs and issue a Temporary Restraining Order.

The inhibitive nature of SPD's overbroad and excessive force met out on the streets of Seattle means individuals like plaintiffs who want to be in the streets cannot – without equipping themselves to withstand munitions discharged without sufficient justification – participate in constitutionally protected political speech.

On July 25, 2020, munitions were fired at retreating protesters – such an act against even a retreating enemy during war time would be regarded as a war crime, but here, rather than a similarly armed foe, SPD detonated blast balls, lobbed projectiles, and sprayed CS gas at mothers and students and reporters and

REPLY TO DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER | 2

union organizers and youth as they ran from their city police force. The irreparable harm is burdening this constitutional right with a condition precedent to protest: gear for safety such that it is impossible to exercise timely, responsive political speech.

Absent from the City's response is a recognition of the political nature of this misuse of policing by the Seattle Police Department. At the City level, Chief Best and the Mayor are aligned against the City Council's push for defunding: "The Mayor does not agree with the City Council and a majority of the people of Seattle who believe we need to substantially reduce the size and scope of the police department. The simple fact is that the Mayor does not like our plan and has a strong ideological opposition to it." *Available at*: https://twitter.com/CMLGonzalez/status/1291113079929860097. Regarding this joint Mayoral-Chief mission, both Ms. Durkan and Ms. Best have come under fire for half-truths, omissions, and misstatements as they seek to halt the Defunding movement. *See e.g.* "Seattle's Mayor and Police Chief Keep Gaslighting the City About Funding SPD," available at https://www.thestranger.com/slog/2020/08/04/44222028/seattles-mayor-and-police-chief-keep-gaslighting-the-city-about-defunding-spd.

Indeed, the power dynamic must be underscored: SPD, under color of law, is wielding toxins, explosives, and projectiles against the very people that

are calling for the Department's own disbandment. In the weeks leading up to July 25, 2020, Seattle Police Officer's Guild President Mike Solan was stoking the flames of division and vilifying protesters writ large. On July 19, 2020, he referred to demonstrators as a scourge, referring to "evil," "Marxism" and "Domestic Terrorism", encouraging followers to "Hold The Line"

**SMITH LAW, LLC**
4301 NE 4th St. PO Box 2767
Renton, WA 98059
Phone: (206) 715-4248
Fax: (250) 900-2664

Available

at:https://twitter.com/realmikesolan/status/1285077641054175232?s=20, last

accessed August 6, 2020.

On July 24, 2020, less than 24 hours before SPD unleashed munitions on the

residents of this city, SPOG President Sloan posted the Motion before Temporary

Restraining Order before Judge Robart to Twitter, referring to hope for the

"Ignored Majority," and suggesting that good will win over evil:

SMITH LAW, LLC
4301 NE 4th St. PO Box 2767
Renton, WA 98059
Phone: (206) 715-4248
Fax: (250) 900-2664

Available at: https://twitter.com/realmikesolan/status/1286889629308710913, last accessed August 6, 2020.

This Court must act to preserve the Plaintiffs' ability to exercise their 1st Amendment right without a burdensome tactical outfit, a product of the City's creation by failing to restrain or properly supervise its officers on the streets wielding weapons of war against residents.

II.   *Plaintiffs' Claims Diverge from Plaintiffs' Claims in* Black Lives Matter Seattle-King County, et. al., v. City of Seattle, No. C20-0887RAJ (W.D. Wash.)

The City posits that "a modification…to an outright prohibition removes the life-safety considerations creating potentially dangerous circumstances." Dkt. 21, p. 21, ¶¶14-17, maintaining that "[t]his Court has already determined that both constitutional rights and public safety can be protected and safeguarded with the City's continued ability to access – should a serious public safety need arise – blast balls and, in extremely rare situations, teargas." Dkt. 21, p.3, ¶¶ 2-5. [Is this missing something?  It seems to only state the City's position and not detail how Plaintiff's claims diverge from those of the plaintiffs in the other lawsuit]

But here, the brazen actions by SPD of attacking retreating protesters, and engaging in excessive, unnecessary, and unlimited use of projectiles, OC spray, and blast balls, was a clear "we won" to the protesters on the streets from the Seattle Police Department, jubilant in the delayed implementation of the detested

REPLY TO DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER | 6

**SMITH LAW, LLC**
4301 NE 4th St. PO Box 2767
Renton, WA 98059
Phone: (206) 715-4248
Fax: (250) 900-2664

city ordinance. As evidenced by declarations from Plaintiffs here and in *BLM et. al v. City of Seattle* detailing the actions on July 25, 2020, it does not appear as if SPD is capable of or willing to discern public protesters from criminal assailants it seeks to apprehend, such that protesters writ large become enemies, and public safety considerations encompass SPD officers only.

Moreover, Plaintiffs here have shown how the failure of the city to supervise or competently limit the use of these weapons has necessitated tactical gear to enjoy the right to protest. Stated differently, while plaintiffs in *BLM et. al. v. City of Seattle* argued the unlawful force and harm to protesters chilled and has ability to chill First Amendment speech, i.e., "I will forego protesting because I do not want a projectile indiscriminately shot at my eye," here Plaintiffs argue that the inability of SPD to follow this Court's order and judiciously wield munitions means that a protester – to be able to *actually protest* in the streets safely (as opposed to foregoing this most precious right) must obtain tactical gear, even when they are simply marching peacefully.

Thus, Plaintiffs point to the chilling effect this reality not just could have, but did have, for Plaintiffs and surely many like them, who after witnessing the display by SPD on July 25, 2020 (an assured show of force) had to obtain more protection before returning to engage in political speech.

REPLY TO DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER | 7

**SMITH LAW, LLC**
4301 NE 4th St. PO Box 2767
Renton, WA 98059
Phone: (206) 715-4248
Fax: (250) 900-2664

1

2

*III.   Plaintiffs Are Likely to Succeed on the Merits Because the City's Use of*
   *Force Is Unconstitutional.*

3

4       Far from "sporadic or isolated" violations of individuals protesters' rights,

5   here we have a pattern and tacitly approved policy wherein SPD can use crowd

6   control weapons with impunity. Because the violations are repeated, despite

7   reiterated court orders, rather than allow SPD to wield the discretion to utilize

8   these weapons against protesters, a cessation order should issue. This Court

9   provided SPD an opportunity to exercise and demonstrate restraint and in

10  response it showed what it could – and would – do to protesters without having

11  these weapons simply removed from these officers' hands.

12      1.  The City's Actions Violate the First Amendment

13      The First Amendment reflects a "profound national commitment" to the

14  principle that "debate on public issues should be uninhibited, robust, and wide-

15  open." *N. Y. Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964).

16

17      The failure of SPD to abide by this Court's order have compromised this

18  long-regarded forum and have turned sites of protest into cost-inhibitive, limited,

19  and dangerous forum for speech.

20

21      Taking into consideration the declarations from protesters on the streets on

22  July 25, 2020 – both in the instant case as well as in *Black Lives Matter Seattle-*

23  *King County, et. al., v. City of Seattle*, No. C20-0887RAJ (W.D. Wash.) – this

REPLY TO DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER | 8

**SMITH LAW, LLC**
4301 NE 4th St. PO Box 2767
Renton, WA 98059
Phone: (206) 715-4248
Fax: (250) 900-2664

Court can see how and why protesters, like Plaintiffs here, cannot safely engage in political speech while SPD has these weapons, or can do so only if they obtain cost-prohibitive protective gear.

Even assuming there were 50 individuals who engaged in or threatened violence, in a disparate fashion, at different locations across the city on July 25, 2020, that is less than 1% of the 7,000 protesters estimated in attendance by the City. *Black Lives Matter*, 20-cv-887, Dkt. 83, at ¶¶13-14.

But Plaintiffs and many like them have their 1st Amendment rights conditioned upon obtaining gear sufficient to withstand SPD's use of munitions at an afternoon rally against police brutality. The chilling effect is not speculative but real: Plaintiffs who had the knowledge and funds had to wait until their protective gear arrived; Plaintiffs without such knowledge find themselves facing obstacles to engage in political speech during a critical political moment.

On this record, the Court should grant a TRO with cessation of use ordered where there is a persistent pattern of police misconduct that persists notwithstanding this Court's orders reiterating the TRO and in direct conflict with the rights of individuals on the streets.

2. The City's Actions Violate the Fourth Amendment

REPLY TO DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER | 9

**SMITH LAW, LLC**
4301 NE 4th St. PO Box 2767
Renton, WA 98059
Phone: (206) 715-4248
Fax: (250) 900-2664

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

Here Plaintiffs were not engaged in serious criminal behavior but still were targeted by SPD and subject to CS gas. *Nelson v. City of Davis*, 685 F.3d 867, 880 (9th Cir. 2012),

The record is devoid of any meaningful attempt by SPD to constrain its munitions use on July 25, 2020 such that it did not impact hundreds of protesters, *even when* supposedly justified against an individual or several actors. The record is replete with examples of SPD deviating from this Court's order, as protesters continued to distill in declarations over the past 48 hours in *Black Lives Matter Seattle-King County, et. al., v. City of Seattle*, No. C20-0887RAJ (W.D. Wash.).

IV.   *Plaintiffs Will Suffer Irreparable Harm Unless the Court Grants Their Motion*

Protests have been called for in the city continuously unless and until the demands from the community are met by elected officials.

A "colorable First Amendment claim" is "irreparable injury sufficient to merit the grant of relief." *Warsoldier v. Woodford*, 418 F.3d 989, 1001 (9th Cir. 2005)((internal quotation marks omitted). Because constitutional violations can often not be adequately remedied through damages, the Ninth Circuit does "not require a strong showing of irreparable harm for constitutional injuries." *Cuviello v. City of Vallejo*, 944 F.3d 816, 833 (9th Cir. 2019).

REPLY TO DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER | 10

**SMITH LAW, LLC**
4301 NE 4th St. PO Box 2767
Renton, WA 98059
Phone: (206) 715-4248
Fax: (250) 900-2664

Irreparable injury has already occurred in the streets of Seattle through interrupted speech, suppressed speech, deterred speech, and both physical and emotional injury caused by excessive force by SPD on peaceful protestors. Peaceful protestors are leaving Seattle demonstrations out of fear for their personal safety and for the physical injuries sustained at the hands of SPD in exercising their First Amendment rights.

Plaintiff Benton, asthmatic, was only able to exercise political speech for 45 minutes before SPD decided to dispense chemical sprays into the air, chilling speech and dispersing even folks distant from the officers.  She tried to search for a mask to purchase locally and was found wanting, ultimately having to delay protest until she secured a gas mask.

Plaintiff Garrison increased her protective equipment, finding in each instance a need to obtain more equipment for the varying weapons employed by SPD: projectiles, blast balls, and OC spray.  She finally determined it was impossible to protest safely without a respirator and, after expending $200, was able to feel comfortable to go back to protest while SPD's tactics remain uncurbed.

Plaintiff Cavanaugh, 54, wants to return to protest in the streets but is unsure of the tactical gear that could keep her safe considering what she witnessed on July 25, 2020.  She must seek guidance from other protesters on

REPLY TO DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER | 11

SMITH LAW, LLC
4301 NE 4th St. PO Box 2767
Renton, WA 98059
Phone: (206) 715-4248
Fax: (250) 900-2664

what kinds of and how to obtain different tactical gear that will keep her safe. Unlike the other plaintiffs, for whom money, time or availability was a prohibition to equipment, Plaintiff Cavanaugh simply does not know where to begin and cannot navigate the intricacies of navigating the various dangers and the attendant protective gear.

Plaintiff Thomas, a parent, had brought her teenage daughter along to both May Day and Women's marches in Seattle without incident.  But after a helmet was insufficient for Thomas on July 25, 2020, and having witnessed the tactics of SPD against protesters, will not go back without a gas mask, respirator, and knee pads. A parent in our city cannot fathom attending a protest because a helmet is insufficient to protect her from our police force as she engages in political speech. Her teenaged daughter will not attend, because SPD has made it so that individuals with families must consider whether their loved ones will be safe from SPD's munitions.

Plaintiff Benton missed six protests, and 3 days of political speech, as she awaited the protective gear found necessary after experiencing SPD's unbridled crowd control responses.

*V.   The Balance of Equities and Public Interest Weigh in Favor of an Injunction*

**SMITH LAW, LLC**
4301 NE 4th St. PO Box 2767
Renton, WA 98059
Phone: (206) 715-4248
Fax: (250) 900-2664

"The fact that [Plaintiffs] have raised serious First Amendment questions compels a finding that . . . the balance of hardships tips sharply in [Plaintiffs'] favor." *Cmty. House, Inc. v. City of Boise*, 490 F.3d 1041, 1059 (9th Cir. 2007) (internal quotation marks omitted).

Plaintiffs have shown irreparable and concrete harm because SPD's actions block their ability to exercise their First Amendments rights and violate their Fourth Amendment freedom from excessive force.

By contrast, the relief Plaintiffs seek does little, if any, harm to the City, which has other methods to respond that have not been shown to be insufficient, nor would they. A taser, for example, is useful and, when deployed by any number of the 150 officers on scene on July 25, 2020, for example, could have been quite effective against individuals that SPD dubbed necessary to restrain or incapacitate.

But efficacy is not a goal. Protesters are regarded as an enemy. And when engaging with that enemy, contrary to the City's assertion, the clear and repeated recitation of this Court's orders does not guide the hand of SPD in exercising restraint or judicious use of crowd control munitions on the ground.  Accordingly, it is now proper for this Court to, on balance, order a complete cessation in use of OC spray, blast balls, and a 40-mm launcher where SPD is unable at current to utilize these munitions as provided for by their own policy: when reasonable,

REPLY TO DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER | 13

SMITH LAW, LLC
4301 NE 4th St. PO Box 2767
Renton, WA 98059
Phone: (206) 715-4248
Fax: (250) 900-2664

necessary, and proportionate. SPM 8.300-POL-5(3), 8.300-POL-10(3), 8.300-POL-11(7),

## VI.   Conclusion

Eight years of federal oversight, a reiterated TRO, and the recitation of same before each shift have failed to restrain the disproportionate and unconstitutional use of force by SPD officers against protesters from the community.  This Court must not guide the hand of SPD in exercising a restraint - a proven impossibility – but instead limit the availability of these harmful, misused weapons of war.

Plaintiffs respectfully request that the Court grant their request for preliminary relief, and immediately enjoin the City from using as "crowd control weapons" - OC spray, blast balls, and a 40-mm launcher, until this Court makes a determination of findings related to contempt after an evidentiary hearing in *BLM et. al v. City of Seattle*.

_____
J. Talitha Hazelton
WSBA NO. | 52460

REPLY TO DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER | 14

**SMITH LAW, LLC**
4301 NE 4th St. PO Box 2767
Renton, WA 98059
Phone: (206) 715-4248
Fax: (250) 900-2664