HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESSICA BENTON, SHELBY BRYANT, ANNE MARIE CAVANAUGH, ALYSSA GARRISON, AND CLARE THOMAS,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF SEATTLE,<br><br>    Defendant. | Case No. 2:20-cv-01174-RAJ<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter is before the Court on Plaintiffs' Motion to Reconsider Motion for Temporary Restraining Order. Dkt. # 26. Plaintiffs' motion is **DENIED**.

Motions for reconsideration are disfavored under the Local Rules for the Western District of Washington. Local Rules W.D. Wash. LCR 7(h)(1). Thus, "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence," such motions will ordinarily be denied. *Id.* Here, the Court issued an order denying Plaintiffs' request for a temporary restraining order ("TRO"), which is the subject of this motion for reconsideration. Dkt. # 25.

Plaintiffs assign to this Court manifest error. Dkt. # 26 at 3. They claim that although the Court had a "well-developed record before it," it did not "weigh all relevant evidence when assessing" the balance of the equities and public interest prongs of the

ORDER – 1

1  TRO analysis under *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20
2  (2008).
3       To be clear, Plaintiffs do not show new, relevant facts that "could not have been
4  brought to [the Court's] attention earlier with reasonable diligence." Local Rules W.D.
5  Wash. LCR 7(h)(1). The motion for reconsideration suffers from the same infirmities as
6  Plaintiffs' request for a TRO. It relies on several declarations that were already before
7  the Court when it denied the TRO. Dkt. # 26 at 9-14. What is more, Plaintiff now rely
8  on declarations filed in *Black Lives Matter Seattle-King County v. City of Seattle*, No.
9  2:20-cv-00887-RAJ (W.D. Wash. filed June 9, 2020). But these declarations were
10 already filed and reviewed by the Court when it denied the TRO in this case. The new
11 facts that Plaintiffs cite, on the other hand, are allegations of general police misconduct,
12 such as a Seattle Police Department ("SPD") officer smashing a car window with a baton.
13 Dkt. # 26 at 18-26. The new facts do not involve the use of the crowd control weapons at
14 issue in this case or *Black Lives Matter*.
15     Besides a failure to show new facts, Plaintiffs have not cited new legal authority.
16 Indeed, they have cited no authority at all: Plaintiffs do not cite a single case in their
17 motion.
18     Thus, Plaintiffs' motion for reconsideration rests entirely on their claim that this
19 Court committed manifest error. The Court finds no such error. As the Court previously
20 explained, like the plaintiffs in *Black Lives Matter*, Plaintiffs here had shown a likelihood
21 of success on the merits and irreparable harm. Dkt. # 25 at 5-6. But they failed to show
22 that the balance of equities tipped in their favor or that the public interest favored an
23 injunction because a preliminary injunction is already in place. *Id.* at 6-7. The Court had
24 already balanced the equities in *Black Lives Matter* and, as a result, crafted a robust, yet
25 tailored, TRO. *Id.* Later, the Court issued a preliminary injunction, which it then
26 clarified. *Id.* at 3, 6. The preliminary injunction now specifies, "among other things,
27 certain protections for journalists, medics, and legal observers and the City's obligation to
28 ORDER – 2

1   issue warnings before using chemical irritants or projectiles." *Id.* That preliminary
2   injunction protects protestors today and "greatly diminishe[s]" the "need for separate and
3   additional injunctive relief." *Id.* Plaintiffs gave no reason why the Court should have re-
4   weighed the equities.

5        In response, Plaintiffs argue that the July 25, 2020 protests were a cut above the
6   rest, requiring a new order, one of "cessation, not clarification." Dkt. # 26 at 4-9. The
7   Court disagrees. The protestors on July 25, 2020, much like the protestors in *Black Lives
8   Matter*, were hit with crowd control weapons. *Id.* Plaintiffs have not shown why the July
9   25, 2020 protests were different from previous protests in kind rather than in degree. In
10  any event, it simply does not follow that, because SPD has used crowd control weapons
11  after the preliminary injunction was entered, the "public needs an order of cessation, not
12  clarification." *Id.* at 4. Plaintiffs' arguments show not why the injunction should be
13  *replaced*, but why it should be *enforced*. Plaintiffs suggest that the City of Seattle flouted
14  the plain terms of the preliminary injunction in *Black Lives Matter*. *Id.* at 15
15  ("[N]otwithstanding the clarity of th[e] injunction and its repetition, Seattle Police
16  Department violated its plain terms with an assaultive front against protesters."). If true,
17  the Court does not see how Plaintiffs' proposed preliminary injunction would prevent that
18  from happening again.

19       Finally, Plaintiffs re-assert several declarations, reminding the Court that they
20  acquired or desire protective gear to shield themselves from crowd control weapons.
21  Dkt. # 26 at 9-14. But as the Court explained in its previous order, Plaintiffs did not use
22  this evidence to move for a TRO on their equal protection claim. Dkt. # 25 at 5-6.
23  Instead, they used it to show that they suffered irreparable harm stemming from
24  violations of their First and Fourth Amendment rights. *Id.* at 6. On reconsideration,
25  irreparable harm is not at issue. Plaintiffs have re-purposed the evidence. They, again,
26  invite the Court to re-weigh the equities. Dkt. # 26 at 9-14. The Court declines.

27       This Court's previous holding remains true: "Plaintiffs have not shown why the
28  ORDER – 3

July 25, 2020 protests require this Court to rebalance the equities or to substitute a tailored preliminary injunction with a blanket ban on crowd control weapons." Dkt. # 25 at 6.

For the reasons above, the Court **DENIES** Plaintiffs' Motion to Reconsider Motion for Temporary Restraining Order.  Dkt. # 26.

DATED this 18th day of August, 2020.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 4