1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| JESSICA BENTON, SHELBY BRYANT, ANNE MARIE CAVANAUGH, AND ALYSSA GARRISON. | No. 2:20-CV-01174-RAJ |
| Plaintiffs, | |
| vs. | AMENDED COMPLAINT |
| CITY OF SEATTLE. | |
| Defendant | |

## I.     INTRODUCTION

We stand at a pivotal moment as our country reckons with racism woven into its foundational core.

The City of Seattle is unable to ensure that Seattle Police Department (SPD) officers will not misuse crowd control weapons (CCWs) in their possession at demonstrations against police brutality in the city. It has failed to act even after multiple instances of misconduct.

AMENDED COMPLAINT - 1

**SMITH LAW, LLC**
4301 NE 4th St.
PO Box 2767 Renton, WA 98059
sade@thesmithlaw.com
Tel: (206) 715-4248
Fax: (206) 900-2664

The inaction by the City and leadership within SPD in response to public, documented, repeated misuse of CCWs in the streets of Seattle has chilled exercise of the rights guaranteed in by the First Amendment in the city of Seattle.

First, protesters who are subjected to or witness (directly or via streaming footage) SPD's indiscriminate use of CCWs feel unsafe to engage that public forum.

Second, those who do dare to venture out to protest must come prepared. No longer can a protester simply dress for the weather but instead must account for likely exposure to a rain of chemical spray or a hail of blast balls. Preparation necessitates a wholesale adaptation to what a protester wears to a demonstration or action.

Thus, for protesters who have the means, time, and capacity, they can obtain protective gear to continue engaging in political speech with minimized risk, but only after locating, purchasing, and receiving such items.

This Court's order restricting use of CCWs likewise has not protected the community from unlawful force where individual officers wield force against protesters notwithstanding that order. After a summer with consistent political activism in the streets, SPD has wielded CCWs against residents too often and without justification, in violation of internal guidelines and operative court orders detailing their limited authorized use.

The requirement to obtain protective gear prior to protesting is not just cumbersome, it is constitutionally impermissible in that it burdens exercise of First Amendment rights by imposing a prohibitive cost on protesting, which has led to delays in political speech and outright abstention from first amendment exercise for some protestors.

Where the City cannot assure its residents that SPD will follow their internal policies, and where a detailed and carefully crafted injunction with clear directives has failed

AMENDED COMPLAINT - 2

**SMITH LAW, LLC**
4301 NE 4th St.
PO Box 2767 Renton, WA 98059
sade@thesmithlaw.com
Tel: (206) 715-4248
Fax: (206) 900-2664

to deter the misconduct, an injunction enjoining possession of CCWs completely is now necessary and appropriate.

## II.   PARTIES

Plaintiff **Jessica Benton** is a Washington resident who attended protests with SPD present on July 25, 2020. She was forced to leave after only 45 minutes of political speech, as SPD indiscriminately started gassing the crowd, and Benton, asthmatic, did not have a gas mask. Plaintiff would have stayed to continue exercising her First Amendment rights but for SPD's misuse of CCWs.  *See* Benton Declaration.

Instead, Benton was forced to await delivery of a gas mask, ordered online as none were available for local purchase, before engaging in political speech.

Plaintiff Benton missed six protests, 3 days of political speech, as she awaited the necessary protective gear.

Plaintiff **Shelby Bryant** also attended the July 25 protest.  After witnessing SPD's use of CCWs at that protest, Bryant determined it was unsafe to return to protest without protective gear. As a result, she missed several days of protesting while awaiting a gas mask ordered after attending the July 25 protest. *See* Bryant Declaration.

Plaintiff **Anne Marie Cavanaugh** is a Washington resident who attended a Seattle protest on July 25, 2020. After witnessing the actions of SPD, Plaintiff Cavanaugh decided she needed to adapt her gear to keep herself safe while engaging in First Amendment activity. *See* Cavanaugh Declaration.

Cavanaugh, 54, wants to return to protest in the streets but is unsure of the tactical gear that could keep her safe considering what she witnessed on July 25, 2020. Unlike the other plaintiffs, for whom money, time or availability was a prohibition to equipment,

AMENDED COMPLAINT - 3

**SMITH LAW, LLC**
4301 NE 4th St.
PO Box 2767 Renton, WA 98059
sade@thesmithlaw.com
Tel: (206) 715-4248
Fax: (206) 900-2664

Plaintiff Cavanaugh simply does not know where to begin. She has not been back to protest since July 25, 2020. *See id.*

Plaintiff **Alyssa Garrison** is a Washington resident who has protested throughout the summer. After each action where SPD was in attendance, Garrison found herself identifying the need for more protective gear. *See* Garrison Declaration.

Thus, when Garrison attended the protest on July 25, she was outfitted in some gear. But after witnessing SPD's use of CCWs, she found the gear insufficient and did not return to protest until she received a gas mask and respirator she ordered online. *See id.*

### III.   BASIS FOR JURISDICTION

This action pertains to a federal question which allows this Court jurisdiction pursuant to 28 U.S.C. § 1331 where Plaintiffs seek to redress the deprivation of rights under the First and Fourth amendment to the U.S. Constitution pursuant to 42 U.S.C. § 1983.

Venue is proper in the Western District of Washington as the events giving rise to the claims occurred within this District.

### IV.   FACTUAL ALLEGATIONS

1. **Plaintiffs are engaged and seek to engage in non-violent protest.**

Plaintiffs attended and non-violently protested at the event on July 25, 2020. Their ability to engage in political speech and feel safe doing so was curtailed by SPD at that action as they indiscriminately and excessively used CCWs against protestors.

Plaintiffs seek to continue engaging in political protest and first amendment activity but feel unsafe doing so given the conduct of Defendants.

2. **SPD's Continued Misuse of CCW and Failure to Abide by Court Order has Chilled Political Speech.**

AMENDED COMPLAINT - 4

SMITH LAW, LLC
4301 NE 4th St.
PO Box 2767 Renton, WA 98059
sade@thesmithlaw.com
Tel: (206) 715-4248
Fax: (206) 900-2664

Moreover, SPD's conduct on July 25 subsequently impacted protesters, like plaintiffs, who learned that a court order would not effectively constrain the individual officer on the streets. Thus, plaintiffs had to obtain gear to protect them from the deviation of SPD from and disregard of the controlling language of this Court's order.

It is common knowledge among protesters in Seattle that to protest police misconduct or speak in support of defunding where SPD will be present requires protecting oneself from indiscriminate use of CCWs, such that it generated an organic response to equip would-be protesters with gear to protect themselves. *See* Ramon Declaration, Dkt. # 20.

The gear needed are not common household items but instead tactical gear – expensive and not readily available. *See* Dkt. # 1, Attachment 1.

**3. The Mayor and Chief of Police Have Failed to Act to Protect the Community from SPD Misconduct.**

Mayor Durkan, former Chief Best, and Interim Chief Adrian Diaz have acted with deliberate indifference to the constitutional rights of protesters and would-be protesters by authorizing, both explicitly and implicitly, the use of less-lethal force against protesters who do not pose any safety threat; by failing to properly train, supervise, and discipline SPD officers regarding appropriate use of force against protesters; and by failing to rectify the SPD's unconstitutional custom of using less-lethal force to control and suppress demonstrations.

The broader context surrounding SPD's continued misconduct is decidedly political. The dynamic between protesters and officers is one of antipathy and tension. This dynamic extends beyond the patrol officer and individual protesters on the street, including Mayor

AMENDED COMPLAINT - 5

SMITH LAW, LLC
4301 NE 4th St.
PO Box 2767 Renton, WA 98059
sade@thesmithlaw.com
Tel: (206) 715-4248
Fax: (206) 900-2664

Durkan, former Chief Best, acting Chief Adrian Diaz, and Seattle Police Officer's Guild President Mike Solan.

Mayor Durkan referred to SPD as her "troops" – turning our city into a warzone while gaslighting its inhabitants into the provocateurs. *See* Shaun Scott, *Durkan, the Seattle police, and the undermining of civil liberties*, Crosscut Opinion (July 15, 2020), *available at* https://crosscut.com/2020/07/durkan-seattle-police-and-undermining-civil-liberties (detailing Mayor Durkan's reference to the City's police officers as "troops" at an official press conference and then in a news interview a week later.).

What is more, Mayor Durkan and former Chief Best have come under fire for half-truths, omissions, and misstatements as they seek to halt the defunding movement. *See, e.g.,* Nathalie Graham, *Seattle's Mayor and Police Chief Keep Gaslighting the City About Funding SPD*, The Stranger (Aug. 4, 2020, 6:45 PM), https://www.thestranger.com/slog/2020/08/04/44222028/seattles-mayor-and-police-chief-keep-gaslighting-the-city-about-defunding-spd.

**4. The Injunction Allowing Possession but Restricting Use Has Failed to Curb Misconduct by SPD and Protect Constitutional Rights of Community.**

In June 2020, SPD was sued in court for unlawful force and targeting protesters engaged in First Amendment activity. *Black Lives Matter Seattle-King County, et. al., v. City of Seattle*, No. 2:20-cv-00887-RAJ, 2020 WL 3128299 (W.D. Wash. filed Jun. 9, 2020) (Dkt. # 1).

The plaintiffs in *Black Lives Matter Seattle-King County* sought a complete prohibition of the use of any chemical irritant, such as CS gas ("tear gas") or OC spray ("pepper spray"), and any projectile, such as flash-bang grenades, "pepper balls," "blast

SMITH LAW, LLC
4301 NE 4th St.
PO Box 2767 Renton, WA 98059
sade@thesmithlaw.com
Tel: (206) 715-4248
Fax: (206) 900-2664

balls," and rubber bullets. *See Black Lives Matter*, No. 2:20-cv-00887-RAJ (W.D. Wash. filed June 9, 2020) (Dkt. # 6, Attachment 1 at 2).

This Court found that "the video and testimonial evidence show that on some occasions the SPD has in fact used less-lethal weapons disproportionately and without provocation.", *Black Lives Matter*, No. 2:20-cv-00887-RAJ (W.D. Wash. filed June 12, 2020) (Dkt. # 34 at 3, ¶¶ 14-17).

But rather than enjoin use of the weapons, this Court entered a temporary restraining order limiting use of tear gas against protesters – only if other efforts are "exhaustive and ineffective" and the Chief of Police determines use of tear gas is the "only reasonable alternative available." *Id.* at 10-12.

That directive governed for the summer; it was extended to a preliminary injunction in effect through September 30, 2020.  *Black Lives Matter*, No. 2:20-cv-00887-RAJ (W.D. Wash. filed June 17, 2020) (Dkt. # 42 at 2).

As protests continued over the summer, so did SPD's misuse of the CCWs still in their arsenal. The people of Seattle – through their city council representatives – denounced these tactics and sought enactment of Ordinance No. 119805, which called for the cessation in use and possession by SPD of 40 mm launchers, blast balls, CS gas, and oleoresin capsicum ("OC") spray.

After the ordinance passed, the Department of Justice sought a temporary restraining order, arguing that enactment of the Ordinance should be halted because it implicated the oversight of SPD under the federal consent decree.  *U.S. v. City of Seattle*, 2:12-cv-01282-JLR (W.D. Wash. filed July 24, 2020) (Dkt. # 627).

AMENDED COMPLAINT - 7

**SMITH LAW, LLC**
4301 NE 4th St.
PO Box 2767 Renton, WA 98059
sade@thesmithlaw.com
Tel: (206) 715-4248
Fax: (206) 900-2664

The decision of Judge Robart was pivotal one for SPD: officers either would or would not be able to have weapons to use at protests as they saw fit. In fact, the SPOG President Mike Solan posted the motion pending before Judge Robart to enjoin enactment of the Ordinance to Twitter, referring to hope for the "Ignored Majority," and suggesting that good will win over evil:



Mike    Solan    (@realmikesolan),    Twitter    (July    24,    2020), https://twitter.com/realmikesolan/status/1286889629308710913.

In granting the TRO, and halting implementation of the representative-enacted ordinance, Judge Robart recognized that "preservation of the status quo does not ensure that SPD will refrain from using crowd control tactics that result in deprivations of constitutional

AMENDED COMPLAINT - 8

SMITH LAW, LLC
4301 NE 4th St.
PO Box 2767 Renton, WA 98059
sade@thesmithlaw.com
Tel: (206) 715-4248
Fax: (206) 900-2664

rights." *U.S. v. City of Seattle*, 2:12-cv-01282-JLR (W.D. Wash. filed July 24, 2020) (Dkt. # 630 at 9).

But the court concluded that, on balance, the public interest weighed in favor of preserving the status quo under the consent decree by reviewing SPD's recent practices and the City's recent crowd control proposals with input from all the appropriate stakeholders before determining the correct path forward under the terms of the consent decree. *Id.* at 10.

The Court classified the TRO as "very temporary" and directed briefing on the issue. *See U.S. v. City of Seattle*, 2:12-cv-01282-JLR (W.D. Wash. filed Sept. 9, 2020) (Dkt. # 630)). (The "very temporary" TRO issued on July 25 has subsequently been extended through October 30, 2020. *See U.S. v. City of Seattle*, 2:12-cv-01282-JLR (W.D. Wash. filed Sept. 9, 2020) (Dkt. # 643)).

The very next day after the ordinance was halted, residents protested on the streets, pressuring City Council to defund SPD via its upcoming budget vote. SPD injured and harmed residents exercising their First Amendment rights by repeatedly misusing CCWs in its possession at the demonstration. Moreover, the actions of SPD belied any claim of good faith engagement with the community, and instead demonstrated that following Judge Robart's order (which halted implementation of the city ordinance regulating use of crowd control weapons), SPD became emboldened and amplified its use of those same weapons.

As a result, two days later, the plaintiffs in *Black Lives Matter* argued that the City of Seattle was in direct violation of the Injunction:

> In many ways, what happened on July 25 was worse than the events that led to the Court's June 12 order. In a vengeful outburst, the SPD deliberately targeted peaceful protesters, medics attending to those protesters, journalists chronicling those protesters, and legal observers sent to ensure those protesters' rights are protected. This conduct is wrong even in the absence

**SMITH LAW, LLC**
4301 NE 4th St.
PO Box 2767 Renton, WA 98059
sade@thesmithlaw.com
Tel: (206) 715-4248
Fax: (206) 900-2664

of a court order. But here, it is especially troubling given the Court's clear guidance that peaceful protesters must not be targeted, and that projectiles cannot be deployed indiscriminately into the crowd. The City willfully violated the Court's order, and should be held in contempt. Plaintiffs' proposed order seeks not only to clarify the injunction already in place but also to sanction the City for these blatant violations. The City must be held accountable.

*Black Lives Matter*, No. 2:20-cv-00887-RAJ (W.D. Wash. filed July 27, 2020) (Dkt. # 51 at 12, ¶¶11 – 19).

On August 3, 2020, Plaintiffs filed a complaint in the instant case. Dkt. # 1. Plaintiffs sought a TRO enjoining use completely of the CCW. Dkt. # 4. The Court denied the motion for TRO and the motion to reconsider same. Dkt. # 25, Dkt. # 27.

On August 1, 2020, this Court entered an order granting a stipulated "clarification" of the preliminary injunction in *Black Lives Matter*, with specific protections for journalists, medics, and legal observers and underscoring the obligation to issue warning before using chemical irritants or projectiles. *See Black Lives Matter*, No. 2:20-cv-00887-RAJ (W.D. Wash. filed Aug. 10, 2020) (Dkt. # 110). The parties also agreed to stay all proceedings, pending the review by the court in *United States v. City of Seattle* of the CCW Ordinance's validity and effect. *Id.*

Since the entry of the stipulated clarification of the preliminary injunction, SPD has continued to deploy crowd control munitions indiscriminately at protestors.

So it was that the stipulated, clarified preliminary injunction which still allowed for officer's possession of CCWs failed to protect both the exercise of political speech and the safety of community members in a public forum.

AMENDED COMPLAINT - 10

**SMITH LAW, LLC**
4301 NE 4th St.
PO Box 2767 Renton, WA 98059
sade@thesmithlaw.com
Tel: (206) 715-4248
Fax: (206) 900-2664

While this Court issued a clear, well-tailored order, the City and SPD continue to allow the City's officers to possess and use – despite misuse of – CCWs in violation of the same.

Accordingly, where misuse of CCWs persists and chills exercise of speech, relief is necessary in the form of the preliminary injunction.

Thus, concurrent with the instant Amended Complaint, plaintiffs seek a preliminary injunction enjoining possession and use of CCWs by SPD at protest demonstrations.

**5. Plaintiffs Fear Continuing Their Lawful Activities**

Plaintiffs would like to continue exercising their First Amendment rights of speech and assembly but fear the misuse of CCWs by SPD and resulting physical harm.

The Plaintiffs have read the stipulated injunction issued by this Court in *Black Lives Matter Seattle-King County*. They do not believe it will protect them from SPD's misuse of these CCWs. After witnessing SPD's conduct firsthand on July 25, and then via citizen journalist streams since that date while the order was operative, likewise does not lead Petitioners to be able to safely engage in First Amendment activity.

On August 26th, in response to a vigil for those who have been killed at protests, dozens of SPD, WSP, and SWAT officers arrived. *See Salisbury Declaration*, at ¶ 4. Officers pushed the crowd down the street and deployed blast balls and mace multiple times. *See id.*

Again, on September 7th, at a march to the Seattle Police Officers Guild (SPOG) headquarters, SPD officers deployed blast balls as they pushed protestors for over 2 miles. *See Declaration of Counsel*, at ¶ 3.

AMENDED COMPLAINT - 11

SMITH LAW, LLC
4301 NE 4th St.
PO Box 2767 Renton, WA 98059
sade@thesmithlaw.com
Tel: (206) 715-4248
Fax: (206) 900-2664

On September 22nd, several SPD vehicles responded to a small group of protestors outside the East Precinct. *See Kulik Declaration,* at ¶ 3. An officer deployed a blast ball at the crowd as they were walking away. *See id.*

On September 23rd, SPD officers deployed OC spray and blast balls at a group near the East Precinct. *See* Smith Declaration at ¶ 3. One officer was captured on film running over a protestor's neck with their bicycle. This resulted in a call for a criminal investigation from the Office of Police Accountability (OPA). *See* Office of Police Accountability, *OPA Requests Criminal Investigation After Officer Rolls Bicycle Over Person, available at:* http://www.seattle.gov/Documents/Departments/OPA/PressReleases/09-24-20_OPA-Requests-Criminal-Investigation.pdf.

Most recently, on September 26, at a nightly demonstration, a protester was hit directly in the head with a flash bang. Having viewed the increased SPD violence the preceding week, the protester fortuitously wore a helmet, protecting them from impact. *See* Slansky Declaration.

## V.   CAUSE OF ACTION

**1. First Amendment**

Plaintiffs incorporate by reference each of the paragraphs in this Complaint as if restated fully herein.

Plaintiffs allege that the Defendant violated their rights under the First Amendment of the United States Constitution, in the ways that follow:

Defendant violated Plaintiffs' First Amendment rights when they attempted to control and break up the non-violent protests by using "less-lethal" weapons without warning, dispersal orders, adequate time to disperse, or any lawful justification whatsoever.

AMENDED COMPLAINT - 12

**SMITH LAW, LLC**
4301 NE 4th St.
PO Box 2767 Renton, WA 98059
sade@thesmithlaw.com
Tel: (206) 715-4248
Fax: (206) 900-2664

Defendant's policies, practices, customs, conduct, and acts alleged herein resulted in, and will continue to result in, irreparable injury to the Plaintiffs, including but not limited to violation of their constitutional rights.

Plaintiffs have no plain, adequate, or complete remedy at law to address the wrongs described herein.

The Plaintiffs intend in the future to exercise their constitutional rights of freedom of speech and association by engaging in expressive activities in the City of Seattle.

Defendant's conduct described herein has created uncertainty among Plaintiffs with respect to their exercise now and in the future of these constitutional rights and has chilled their exercise of these rights.

Defendant's actions in using "less-lethal" weapons on protestors in order to control and suppress their speech violated the First Amendment rights of Plaintiffs.

Plaintiffs have a reasonable fear of attending protests in Seattle in the future due to the cumulative effect of the violence and misconduct by the Defendant.

The misconduct described in this Count was undertaken pursuant to the policies, practices, and customs of the Defendant.

As a direct and proximate result of Defendant's actions, Plaintiffs' constitutional rights were violated, entitling them to relief.

## 2. Fourth Amendment

The use of less-lethal weapons to control and suppress demonstrations in the absence of an immediate safety threat constitutes excessive force in violation of the Fourth Amendment, and the facts here show that the use of excessive force is stopping Plaintiffs from exercising their constitutional rights they otherwise planned to exercise.

AMENDED COMPLAINT - 13

SMITH LAW, LLC
4301 NE 4th St.
PO Box 2767 Renton, WA 98059
sade@thesmithlaw.com
Tel: (206) 715-4248
Fax: (206) 900-2664

SPD's misuse of CCWs constitutes unreasonable and excessive force used specifically to suppress the expressive speech of protesters, and not based on an individualized determination of individual conduct justifying such force, in violation of the Fourth Amendment. *See e.g. Black Lives Matter*, No. 2:20-cv-00887-RAJ (W.D. Wash. filed June 12, 2020) (Dkts. #  53-60, 62-75; 79).

The misconduct described in this Count was undertaken pursuant to the policies, practices, and customs of the Defendant City.

In the manner described more fully above, Defendants violated Plaintiffs' rights to be free from excessive force and unreasonable seizure when they used "less-lethal" weapons against Plaintiffs without any lawful justification.

## VI.     PRAYER FOR RELIEF

Wherefore, the Plaintiffs request the following relief:

A. A preliminary and permanent injunction restraining Defendant from engaging in the unlawful and unconstitutional actions by ordering cessation in use and possession of 40 mm launchers, blast balls, CS gas, and oleoresin capsicum ("OC") spray;

B. A declaratory judgment that Defendants' conduct detailed herein was a violation of the rights of the Plaintiffs under the United States Constitution;

C. General and compensatory damages for Plaintiffs for the violations of their federal constitutional rights, pain and suffering;

D. Punitive damages for Plaintiffs based on the actions of Defendant;

E. An award of attorneys' fees pursuant to 42 U.S.C. § 1988, and costs;

F. Such other and further relief as the Court may deem just and proper.

DATED this September 28, 2020.

AMENDED COMPLAINT - 14

**SMITH LAW, LLC**
4301 NE 4th St.
PO Box 2767 Renton, WA 98059
sade@thesmithlaw.com
Tel: (206) 715-4248
Fax: (206) 900-2664

1

2          By      */s/ J. Talitha Hazelton*

3                  J.Talitha Hazelton | WSBA 52460
                   4301 NE 4th St. PO BOX 2767
4                  Renton, WA 98058
                   talitha@thesmithlaw.com
5                  Tel: (206) 715-4248
                   Fax: (206) 900-2664
6                  *Attorney for Plaintiffs*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED COMPLAINT - 15

**SMITH LAW, LLC**
4301 NE 4th St.
PO Box 2767 Renton, WA 98059
sade@thesmithlaw.com
Tel: (206) 715-4248
Fax: (206) 900-2664